UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                    CASE NO: 8:93-CR-180-T-24EAJ

ROY BLAKENEY
    Defendant

ORDER

This case is before the Court on two motions: Roy Blakeney's Motion for Reconsideration of the Court's Order denying Petition for a Writ of Mandamus Pursuant to Section 1651 of Title 28 U.S.C. of the All Writs Act (Doc. 741) and Blakeney's Motion for an Order Objecting to the Bureau of Prisons' Execution of Defendant's Sentence (Doc. 742). In the Petition for a writ of Mandamus, which this Court denied, Defendant Blakeney had asked the Court to intervene and order the Bureau of Prisons (BOP) to comply with the Judgment and Sentence entered by this Court on May 10, 1995. The Court grants the motion to reconsider in that it is directing the Clerk to enter an Amended Judgment and Sentence. In the Motion for an Order Objecting to the Bureau of Prisons' Execution of Defendant's Sentence In Conjunction with Other Uncompleted Federal Sentences, Blakeney asks the Court to enter an order objecting to the manner and method of the BOP's execution of the sentence imposed by this Court and/or what other relief the Court deems proper and just. The Court grants the motion in part in that it is entering an order granting relief that the Court deems fair and just.

On May 10, 1995, after a jury trial and a guilty verdict, this Court sentenced Roy C.

Blakeney to a sentence of 188 months in the Bureau of Prisons for Engaging in a Pattern of Racketeering, Conspiracy to Engage in a Pattern of Racketeering, and Interference with Commerce by Robbery. The Judgment stated that the sentence ran concurrent with the sentence imposed in the Eastern District of Kentucky (Docket # 86-6-S-1) and consecutive to the sentence imposed in the Eastern District of Texas (Docket # 89-180-CR). The Court imposed that sentence under 5G1.3 of the United States Sentencing Guidelines because one of the predicate acts in the RICO counts arose out of the same facts and circumstances as those comprising the criminal acts for which he was convicted and sentenced in the Eastern District of Kentucky. Because Defendant Blakeney was serving two previous federal sentences, imposed by two different Courts on two different dates, the Court recognized that computation of gain time might be difficult and left the matter to the Bureau of Prisons. It was the Court's intention that the 188 month sentence run concurrent with the Eastern District of Kentucky sentence but consecutive to the Eastern District of Texas sentence.

In May of 2008, at the Court's request, the United States Probation Officer assigned to the case contacted the Bureau of Prisons (BOP) regarding Blakeney's sentences. The BOP reviewed Mr. Blakeney's cases and determined that they could not execute the sentence as the Court imposed it. Mr. Blakeney's prior 30 year Kentucky sentence and his prior 10 year Texas sentence were aggregated to arrive at a 40 year sentence under "old law" (pre-guideline). The BOP determined that they could not run this Court's 188 month sentence concurrent with one of the sentences and consecutive to the other because they could not "start and stop" the "aggregated 40 year sentence". Mr Blakeney was paroled on his 40 year sentence on August 19, 1999, and he began serving the 188 month sentence imposed by this Court at that time. His projected release date is April 11, 2013.

The BOP suggested that in order to comply with the Court's intention at the time of sentencing that part of the 188 month sentence should run concurrent with the time Blakeney was then serving, the Court's 188 month sentence could be amended to run concurrently with both the Kentucky and Texas sentences (the aggregate 40 year sentence) beginning on the date it was imposed, May 10, 1995, with no credit for time serve prior to the May10, 1995 sentencing date. This would result in a new projected release date of January 2, 2009. This resolution seems fair and just and accomplishes what the Court intended at sentencing in 1995. The United States has no objection.

Accordingly it is ORDERED:

1. The Clerk is directed to enter an Amended Judgment in which the 188 month sentence imposed by the Court May 10, 1995 runs concurrent with the sentences imposed in both the Kentucky (Case No. 86-6-S-1, Eastern District of Kentucky) and Texas (Case No. B89-180-CR(2), Eastern District of Texas) cases but with no credit for time served prior to May 10, 1995, this Court's original sentencing date. The remainder of the terms and conditions of the sentence imposed on May 10, 1995 will remain the same.

2. In no event shall the term of commitment ordered be less than the time Roy C. Blakeney has served.

3. Defendant Blakeney shall not be released any sooner than ten (10) days from the date of this Order.

Done and Ordered at Tampa Florida this 2nd, day of December, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies: Roy Blakeney, Pro-se
       Counsel of Record
       United States Probation Office